IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROCCI FRANK GARRETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA COUNTY SHERIFF'S DEPMARTMENT,<br><br>　　　　　Defendant. | Case No. C 16-0736 PSG (PR)<br><br>**ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED** |

Rocci Frank Garrett, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves the complaint on defendant Santa Clara County Sheriff's Department.

**I. DISCUSSION**

A.　Standard of Review

　　A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] Garrett has consented to magistrate judge jurisdiction. *See* Dkt. No. 3.

Case No. C 16-0736 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Garrett's Claim

Garrett alleges that he is a California state prisoner housed in a Santa Clara County facility.  As such, he claims that he is being denied the same treatment as other state prisoners housed in state facilities.  Liberally construed, Garrett has stated a cognizable claim of a violation of his right to equal protection.

## II.  CONCLUSION

The court orders as follows:

1.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a Magistrate Judge consent form, and a copy of this order to **the Santa Clara County Sheriff's Department**.  The Clerk also shall mail a courtesy copy of the complaint and a copy of this order to the County Counsel at 70 West Hedding Street, East Wing, 9th Floor, San Jose, CA 95110-1770.

2.   Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 16-0736 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
2  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
3  behalf of Garrett, to waive service of the summons, fails to do so, he will be required to bear the
4  cost of such service unless good cause be shown for his failure to sign and return the waiver
5  form.  If service is waived, this action will proceed as if defendant had been served on the date
6  that the waiver is filed, except that pursuant to Fed. R. Civ. P. 12(a)(1)(B), defendant will not be
7  required to serve and file an answer before sixty (60) days from the date on which the request for
8  waiver was sent.  Defendant is asked to read the statement set forth at the bottom of the waiver
9  form that more completely describes the duties of the parties with regard to waiver of service of
10 the summons.  If service is waived after the date provided in the Notice but before defendant has
11 been personally served, the answer shall be due sixty (60) days from the date on which the
12 request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever
13 is later.

14      3.     No later than sixty (60) days from the date the waiver is sent, defendant shall file
15 one comprehensive motion for summary judgment or other dispositive motion with respect to the
16 cognizable claims in the complaint.  At that time, defendant shall also submit the Magistrate
17 Judge's consent form.

18      Any motion for summary judgment shall be supported by adequate factual documentation
19 and shall conform in all respects to Fed. R. Civ. P. 56.  Defendants are advised that summary
20 judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If
21 defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so
22 inform the court prior to the date the summary judgment motion is due.

23      4.     Garrett's opposition to the dispositive motion shall be filed with the court and
24 served on defendant no later than twenty-eight (28) days from the date defendant's motion is
25 filed.  Garrett is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
26 (holding party opposing summary judgment must come forward with evidence showing triable
27 issues of material fact on every essential element of his claim).

28 Case No. C 16-0736 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1    5.   Defendant shall file a reply brief no later than fourteen (14) days after Garrett's
2 opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.
3 No hearing will be held on the motion unless the court so orders at a later date.
4    6.   All communications by Garrett with the court must be served on defendant or
5 defendant's counsel, by mailing a true copy of the document to defendant or defendant's
6 counsel.
7    7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
8 No further court order is required before the parties may conduct discovery.
9    8.   It is Garrett's responsibility to prosecute this case.  Garrett must keep the court
10 and all parties informed of any change of address and must comply with the court's orders in a
11 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
12 pursuant to Fed. R. Civ. P. 41(b).
13    IT IS SO ORDERED.
14 DATED:  4/28/2016                              _____
                                                  PAUL S. GREWAL
15                                                United States Magistrate Judge

28 Case No. C 16-0736 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED
4