UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCCI FRANK GARRETT,<br>　　　　Plaintiff,<br>　　v.<br>SANTA CLARA COUNTY,<br>　　　　Defendant. | Case No. 16-cv-00736-JCS (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 13 |

This federal suit was filed as a civil rights action under 42 U.S.C. § 1983.[1] The Court construed the action as such, and ordered service of the complaint. Defendant has filed a motion for summary judgment in which he contends that this suit is not properly construed as a civil rights action, and should have been brought as a habeas petition under 28 U.S.C. § 2254. The Court agrees.

Plaintiff challenges the calculation and denial of time credits. Because success on such a claim would necessarily affect the duration of his sentence, his challenge must be brought as a habeas petition under 28 U.S.C. § 2254, and not as a civil rights action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism

---

[1] The parties consented to magistrate judge jurisdiction. (Dkt. Nos. 3 and 10.)

for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The Court will not convert this civil rights action to a habeas petition because doing so might impair plaintiff's ability to seek habeas relief for the legality of his conviction. The present suit challenges only the duration, not the legality, of his confinement. If the Court construed the present suit as a habeas petition, this suit would bar as second or successive any petition plaintiff may file to challenge the legality of his confinement. *See* 28 U.S.C. § 2244(b).

Defendant's motion for summary judgment (Dkt. No. 13) is DENIED as moot.

This action is DISMISSED without prejudice to plaintiff pursuing his claims through a habeas petition.

The Clerk shall terminate Dkt. No. 13, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 25, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge